USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICIA CATANIA & SCOTT MURPHY,                :
                                                                              :
                                           Plaintiffs,          :
                                                                              :                1:21-cv-1257-GHW
                  -against-                                         :
                                                                              :                MEMORANDUM OPINION &
UNITED FEDERATION OF TEACHERS, et al.,   :                ORDER
                                                                              :
                                           Defendant.        :
                                                                              :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

  Patricia Catania is the former principal of Intermediate School 224 in the Bronx. On February 11, 2018, the New York Daily News published a front-page story with allegations that Catania prevented teachers at her school from teaching lessons about black history. Catania, along with her husband Scott Murphy, brought this lawsuit, claiming that Defendants engaged in a conspiracy with certain teachers to paint Catania as a racist in order to force Catania to be removed from her job because she is white. Before filing this case in federal court, Catania filed a case in the Supreme Court of the State of New York, County of Bronx (the "Bronx County action") against the United Federation of Teachers, William Woodruff, Janella Hinds, and other defendants who are not parties in this case. Defendants moved to dismiss this case arguing, *inter alia*, that Plaintiffs' claims are barred by res judicata because of the Bronx County action.

  On October 26, 2021, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (the "R&R") granting Defendants' motion to dismiss Plaintiffs' complaint. Because Judge Fox did not apply New York law to determine the preclusive effect of the decisions in the Bronx County action, the Court rejects the R&R in its entirety, and recommits this matter to the assigned magistrate judge with instructions.

## I. BACKGROUND

The Court refers to the R&R for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion.

Plaintiffs filed this action on February 11, 2021. Dkt. No. 1. The Court referred the parties to Judge Fox for dispositive motions on February 16, 2021. Dkt. No. 18. On June 15, 2021, Plaintiffs filed an amended complaint. Dkt. No. 52. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on July 6, 2021. Dkt. No. 68. Plaintiffs filed their opposition to the motion on July 20, 2021. Dkt. No. 73. Defendants file a reply shortly thereafter. Dkt. No. 74.

Judge Fox issued the R&R on October 26, 2021, recommending that the Court grant Defendants' motion to dismiss. Dkt. No. 75. Plaintiffs timely filed objections to the R&R on November 9, 2021. Dkt. No. 76. Defendants filed a response to Plaintiffs' objections on November 23, 2021. Dkt. No. 77.

## II. LEGAL STANDARD

### A. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But where "the party makes only frivolous,

2

conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### B. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must accept all facts alleged in the complaint as true and draw all reasonable

inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement." Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678–79). Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the complaint." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). In that context, "[a] court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). As the Second Circuit recently reaffirmed in *Lynch*, "[i]t is well established that a pleading is deemed to include any 'written instrument' that is attached to it as 'an exhibit,' or is incorporated in it by reference." *Lynch*, 952 F.3d at 79 (citations omitted). Courts

4

may also consider "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

A court can also consider documents that are "integral to" the complaint. *Id.* In order for a document to meet this exception to the general principle that a court may not consider documents outside of the pleadings without converting the motion to one for summary judgment, the complaint must rely heavily upon its terms and effects. *See DiFolco*, 622 F.3d at 111 ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effects, thereby rendering the document integral to the complaint.") (internal quotation marks omitted)).

### C. Res Judicata

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 191 (2d Cir. 2012) ("[I]n order to determine the preclusive effect of a state-court decision, a federal court must look to the law of that state and should not give the state-court decision any greater preclusive effect than the courts of that state would give it . . . ."); *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192–93 (2d Cir. 2008) ("When 'determin[ing] the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state.'" (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000)). Consequently, the Court must apply New York law to determine whether Plaintiffs' claims are barred by the doctrine of res judicata.

"In New York, res judicata, or claim preclusion, bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the

merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (citations omitted). "The doctrine 'encompasses the law of merger and bar'—it precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not those claims were in fact litigated." *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 72 (2018) (quoting *Migra*, 465 U.S. at 77 n.1). "By promoting consolidation, res judicata shields litigants from undue harassment and protects against the substantial time and expense associated with needless and repetitive litigation." *Id.*

New York "has adopted the transactional analysis approach in deciding *res judicata* issues. Under this [analysis], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981); *see also Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021) (noting that the New York Court of Appeals has "consistently applied a 'transactional analysis approach'" in determining whether an earlier judgment has claim preclusive effect"). "A cause of action arises from the 'same transaction' and is barred by the judgment in a prior proceeding 'where the same foundation facts serve as a predicate for each proceeding.'" *Fay v. S. Colonie Cent. Sch. Dist.*, 802 F.2d 21, 28 (2d Cir. 1986) (quoting *Reilly v. Reid*, 45 N.Y.2d 24, 30 (1978)), *overruled on other grounds by Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002). The New York Court of Appeals has followed the Restatement (Second) of Judgments in "analyzing 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties'

expectations or business understanding or usage.'" *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100–01 (2005) (quoting Restatement (Second) of Judgments § 24(2)).

Under New York law, "privity is not susceptible to a hard-and-fast definition." *Applied Card Sys.*, 11 N.Y.3d at 123 (2008). New York courts determine whether "a finding of privity strike[s] a fair result under the circumstances" by considering "the policies that res judicata is designed to protect," such as "a party's right to rely upon the finality of the results of previous litigation." *Id.* at 123–25; *see also Lipman v. Rodenbach*, 852 F. App'x 578, 581 (2d Cir. 2021) (summary order).

### III.   DISCUSSION

In the R&R, Judge Fox held that "the defendants established that the instant action is precluded by the res judicata doctrine, warranting dismissal of the amended complaint." R&R at 23. Plaintiff raises specific objections to Judge Fox's application of the doctrine of res judicata. *See* Dkt. No. 76 at 3–9. Therefore, the Court reviews that portion of the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

At the outset, the Court observes that in holding that Plaintiffs' claims were barred under the doctrine of res judicata, Judge Fox relied primarily on cases applying federal law, rather than cases applying New York law. *See* R&R at 13–15 (outlining the legal standards applicable to the doctrine of res judicata under federal law); R&R at 16 (relying exclusively on *Berrios v. New York City Housing Authority*, 564 F.3d 130 (2d Cir. 2009), a case applying federal law, to conclude that there was a final judgment on the merits); *id.* at 18 (quoting federal law privity principles from the case *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359 (2d Cir. 1995)). However, as discussed, the Court must apply New York law to determine the preclusive effect of the decisions in the Bronx Court action. *Giannone*, 548 F.3d at 192–93. Accordingly, the Court rejects the R&R in full.

The Court now turns to the substance of Plaintiffs' objections. First, Plaintiffs object to Judge Fox's holding that there was a final judgment on the merits in the Bronx County action. Dkt. No. 76 at 3. Quoting *Berrios*, Judge Fox concluded that "the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Id.* at 16. Judge Fox then explained that

> the Hon. Julia Rodriguez of the Supreme Court of the State of New York, County of Bronx, Part 27: (1) reinstated previously dismissed "Eighth [negligent infliction of emotional distress], Ninth [negligence], Tenth [gross negligence], Twelfth [negligent supervision of agents, servants, and employees as against UFT only] and Thirteenth [negligent supervision of its 'Organization/Association' as against UFT only] causes of action in Plaintiff's Amended Complaint" against defendants Woodruff, Hinds and UFT; and (2) dismissed the remaining causes of action "against UFT defendants," namely UFT, Woodruff, Hinds, Liriano, Jacinth Scott and Jasmine Dickson, pursuant to CPLR § 3211(a)(7) ("the pleading fails to state a cause of action"). The plaintiffs do not assert any claims based on negligence in this action.

*Id.* at 16–17.

Judge Fox then held that

> final judgment on the merits exists with respect to the following causes of action because they were dismissed in the Bronx County action for failure to state a cause of action: (a) "tortious interference with an existing and present contract or present and existing contractual relations"; (b) "tortious interference with present and existing business relations"; (c) "tortious interference with a prospective future contract"; (d) "tortious interference with a prospective business relations/economic advantage"; (e) "misuse of legal procedure/abuse of process"; (f) "defamation/libel/slander"; (g) "intentional infliction of emotional distress"; (h) "prima facie tort"; (i) "concerted action"; (j) conspiracy; (k) "willful misconduct as against all defendants"; (l) "willful misconduct as against the UFT—failure to act"; and (m) "joint enterprise as against all defendants."

*Id.* at 17.

"For the doctrine of res judicata to be applied, there must have been, in the prior proceeding, a final judgment on the merits." *Bayer v. City of New York*, 983 N.Y.S.2d 61, 64 (2d Dep't 2014). Accordingly, the specific issue presented in this case is whether the order dismissing some, but not all, of the claims in the Bronx County action for failure to state a claim is a final judgment on the merits under New York law.

8

The parties' briefing on this issue is insufficient. Plaintiffs assume that "there is no final judgment in a case that is still pending," and that an order "dismissing some claims of a multi-claim case is not a judgment, let alone a final judgment, on those claims or on the case as a whole." Dkt. No. 76 at 3–4. Yet, Plaintiffs fail to cite any on-point authority to support their position. Instead, Plaintiffs spend a significant portion of their objections arguing that "it is only a final judgment which invokes res judicata." *See, e.g.*, Dkt. No. 76 at 5. Why Plaintiffs chose to focus on this argument is unclear—it is undisputed that a final judgment is required for the doctrine of res judicata to apply. Instead, the operative issue is *whether* there was a final judgment in the Bronx County action.

Defendants, on the other hand, argue that "a dismissal for failure to state a claim is a final judgment." Dkt. No. 77 at 2. Defendants similarly fail to substantive engage with the specific issue raised in this case—whether a dismissal of some, but not all, claims for failure to state a claim is a final judgment. Further, Defendants primarily rely on *Berrios* and other Second Circuit cases which apply federal law, and fail to explain why, under New York law, the order in the Bronx County action constitutes a final judgment on the merits.

Because the R&R improperly relied on federal law, and because the parties failed to adequately brief the issue of whether there was a final judgment on the merits in the Bronx County action under New York law, the Court recommits this matter to the assigned magistrate judge with directions: (1) to set a briefing schedule for the parties to submit supplemental briefing on the issue of whether, under New York law, there was a final judgment on the merits in the Bronx County action; and (2) to provide the Court with an updated Report and Recommendation consistent with this Order.

## V. CONCLUSION

For the foregoing reasons, the Court rejects Judge Fox's Report and Recommendation in its entirety and recommits this matter to the assigned magistrate judge with instructions.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 68.

SO ORDERED.

Dated: March 12, 2022  
New York, New York

                                                 GREGORY H. WOODS  
                                                 United States District Judge