USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                  :
PATRICIA CATANIA, *et al.*,            :
                                  :
                        Plaintiffs,    :            1:21-cv-1257-GHW
                                  :
              -v -                   :            <u>ORDER</u>
                                  :
UNITED FEDERATION OF TEACHERS, *a labor* :
*union*, *et al.*,                               :
                                  :
                      Defendants.   :
                                  :
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On October 17, 2022, Magistrate Judge Willis entered a Report and Recommendations ("R&R") in this case. Dkt. No. 92. Plaintiffs had fourteen days from the entry of the R&R to file any objections. *Id.* at 14. The Court has received several emails from Plaintiffs' counsel requesting an extension of time to file objections and explaining why an email application was necessary. Plaintiffs' counsel has also filed a motion to seal those communications. Dkt. No. 93.

       Having reviewed Plaintiffs' request explaining why additional time to file objections to the R&R is needed, the Court hereby grants that request. Any objections to the R&R must be filed no later than November 14, 2022.

       Additionally, the Court grants Plaintiffs' motion to seal communications between the Court and Plaintiffs' counsel between October 28, 2022 and October 31, 2022, and all attachments to those emails. "There is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to

[e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

A court balances this common law presumption of access against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access' to that document." *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The documents are judicial documents, as they were filed in connection with Plaintiffs' application for an extension of time to object to the R&R. But the weight of the presumption is very modest: The documents, in the main, discuss the personal circumstances of Plaintiffs' counsel and how those circumstances bear on the need for an extension, rather than any legal issue in the case. And there are substantial factors legitimately counselling against disclosure of the documents. As Plaintiffs' counsel notes in the

application to seal, the documents contain personal information that is typically subject to federal privacy laws, the exposure of which would legitimately, and needlessly, intrude upon the privacy of Plaintiffs' counsel.

Accordingly, Plaintiffs' application for an extension of time to file any objections to the R&R is GRANTED. Any objections to the R&R must be filed no later than November 14, 2022. Plaintiffs' application to seal communications between Plaintiffs' counsel and the Court between October 28, 2022 and October 31, 2022, and any attachments to those emails, is also GRANTED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 93.

SO ORDERED.

Dated: October 31, 2022
       New York, New York

_____
GREGORY H. WOODS
United States District Judge