UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2023
```

---------------------------------------------------------------- X
                                                  :

PATRICIA CATANIA and SCOTT MURPHY,   :

                                            :

                               Plaintiffs,   :              1:21-cv-01257-GHW

                                             :

                  -against-         :               ORDER

                                             :

UNITED FEDERATION OF TEACHERS, *et al.*,  :

                                             :

                                 Defendants.   :

                                           :
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Patricia Catania is the former principal of Intermediate School 224 in the Bronx.  On

February 11, 2018, the New York Daily news published a front-page story with allegations that

Catania had prevented teachers at her school from teaching lessons about Black history.  Catania,

along with her husband Scott Murphy (together, "Plaintiffs"), brought this lawsuit, alleging that

Defendants—a teachers' union, certain union representatives, and various teachers at Catania's

former school—conspired to portray Catania as a racist in order to force Catania to be removed

from her job because she is white.

       In October 2022, Magistrate Judge Jennifer E. Willis issued a Report & Recommendation in

this case, the latest order in this long-running matter.  Dkt. No. 92 (the "Willis R&R").  Because the

Court finds Judge Willis's uncontested conclusions concerning *res judicata* to be thoroughly reasoned

and accurate, it adopts that aspect of the Willis R&R.  And the Court also adopts Judge Willis's

determination that New York's present action doctrine does not apply here.  But because Judge

Willis's recommendation that the case be stayed was determined without briefing from the parties,

the Court declines to adopt that part of the Willis R&R.  As a result, and as explained further below,

the Court will recommit the case to Judge Willis with instructions to consider, in the first instance,

all of Defendants' arguments to dismiss this case.

## I.     BACKGROUND[1]

Catania filed her first case about the underlying events in this case—that is, her termination from Intermediate School 224—in 2019.  That case was filed in the Supreme Court of New York, Bronx County (the "Bronx Action").  Dkt. No. 44 Ex. B.  On November 6, 2020, that court dismissed some but not all claims in the Bronx Action.  Dkt. No. 44 Ex. C; *see also* Willis R&R at 4–5 (describing the November 6, 2020 decision in more detail).  On December 18, 2020, Plaintiffs filed an additional state-court suit in the Supreme Court of New York, New York County (the "New York County Action").  *See* Willis R&R at 5.  That case was dismissed by the New York Supreme Court on January 14, 2022.  *Id.*

Meanwhile, this case was filed on February 11, 2021.  Dkt. No. 1.  The Court referred the matter to Magistrate Judge Kevin Fox for dispositive motions on February 16, 2021.  Dkt. No. 18.  On June 15, 2021, Plaintiffs filed an amended complaint.  Dkt. No. 52.  On July 6, 2021, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Dkt. No. 68.  Plaintiffs opposed the motion on July 20, 2021.  Dkt. No. 73.  Defendants filed a reply shortly thereafter.  Dkt. No. 74.

On October 26, 2021, Judge Fox issued a Report and Recommendation.  Dkt. No. 75 (the "Fox R&R").  The Fox R&R granted Defendants' motion to dismiss Plaintiffs' complaint as barred by *res judicata* from the Bronx Action.  *Id.* at 16–23.  On March 12, 2022, the Court—based on the Fox R&R's failure to consider New York law on finality and *res judicata*—rejected that R&R in its entirety and recommitted the matter to Judge Willis,[2] with instructions to have the parties brief "whether, under New York law, there was a final judgment on the merits in the Bronx County

---

[1] Because this order turns on the procedural history of this case, rather than the merits of Plaintiffs' claims, it does not discuss all of the facts in Plaintiffs' complaint.  Readers are referred to Judge Willis's R&R, which carefully outlines Plaintiffs' allegations.  *See* Dkt. No. 92 at 2–3.

[2] Between the issuance of the Fox R&R and this Court's decision not to adopt it, the case had been redesignated to Judge Willis.

action" and to provide this Court with an updated R&R consistent with the Court's order. Dkt. No. 78 at 9.

The Willis R&R was issued on October 17, 2022. Dkt. No. 92. That R&R first determined that the Bronx Action—which dismissed some but not all claims in that case—"did not constitute a final decision on the merits" such that it could have *res judicata* effect here. *Id.* at 13; *see id.* at 8–9. Judge Willis then rejected Defendants' argument that this case could be dismissed pursuant to New York State's present action doctrine, noting that this doctrine applies in state but not federal court. *Id.* at 9–10. But Judge Willis then raised, *sua sponte* and "[s]eparately from Defendants' arguments," the federal doctrine of *Colorado River* abstention, and determined that the case should be stayed under that doctrine. *Id.* at 10–13.

Both parties timely filed objections to the Willis R&R. *See* Dkt. No. 95 ("Defs.' Objs."); Dkt. No. 97 ("Pls.' Objs."). Plaintiffs also responded to Defendants' objections. Dkt. No. 100 ("Pls.' Resp.").

## II.   LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only

conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citations omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Star Funding, Inc. v. Vault Mins., LLC*, No. 15 Civ. 3026 (GBD)(SN), 2018 WL 1581685, at *2 (S.D.N.Y. Mar. 28, 2018) (citations omitted).

## III.   ANALYSIS

The Willis R&R correctly concluded that the Bronx County action did not constitute a judgment on the merits, and so does not have preclusive effect here. Willis R&R at 8–9, 13. As Judge Willis reasoned, the Bronx Action does not have *res judicata* effect here because "[t]he Bronx Action has not concluded[,]" and "[n]one of Plaintiffs' claims in the federal action are identical to the claims that were dismissed in the Bronx Action." *Id.* at 8–9. Notably, neither party objected to Judge Willis's conclusion with respect to this issue. *See* Dkt. No. 95; Dkt. No. 97. The Court has

reviewed this recommendation for clear error and finds none.  Accordingly, the Court adopts this part of the Willis R&R.

The Court also adopts Judge Willis's determination that New York's present action pending doctrine does not apply to this case.  As Judge Willis wrote, that doctrine is "not applicable to the matter at hand" because it applies in New York state court, not federal court.  Willis R&R at 9–10.  Neither party objected to this part of the Willis R&R.  *See* Dkt. No. 95; Dkt. No. 97.  The Court has reviewed this recommendation for clear error and finds none, and therefore adopts this part of the Willis R&R also.

The Court, however, declines to adopt Judge Willis's recommendation to apply the doctrine of *Colorado River* abstention to this case.  Willis R&R at 10–13.  As Judge Willis noted, this argument was not raised by the parties.  *Id.* at 10.  As a result, they had no opportunity to brief this issue in front of her.  "Courts generally do not decide issues not raised by the parties."  *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring) (quoting *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1204 (9th Cir. 2005)).  And deciding that *Colorado River* abstention applies to a given matter absent briefing is particularly fraught given the complexity of that issue.  *See* Willis R&R at 10–13 (working through *Colorado River*'s multi-factored test).  As a result, the Court declines to adopt Judge Willis's recommendation that the Court abstain from taking action with respect to this matter under *Colorado River*.[3]

The Court is thus confronted with the question of what next steps to take in the case.  The Fox R&R granted Defendants' motion to dismiss pursuant to the *res judicata* effect of the Bronx Action, but did not consider Defendants' other arguments for dismissing the case.  *See generally* Fox

---

[3] The Court, moreover, can understand why Defendants chose not to raise this issue, given the heavy presumption in favor of exercising jurisdiction and federal courts' "virtually unflagging obligation . . . to exercise jurisdiction given them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Abdication of the obligation is justified only in "exceptional circumstances."  *Colorado River*, 424 U.S. at 813; *see also Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

R&R.  And because this Court instructed Judge Willis to focus narrowly on the issue of the Bronx Action's finality, *see* Dkt. No. 78 at 9, the Willis R&R likewise did not consider Defendants' arguments to dismiss apart from the *res judicata* effect of the Bronx Action (and the issue of the New York state present action doctrine that Defendants raised to her, *see* Dkt. No. 83 at 8–11).

The Court, accordingly, recommits this case to the assigned magistrate judge with instructions to consider, in the first instance, Defendants' arguments to dismiss apart from the *res judicata* effect of the Bronx Action and the New York state present action doctrine.[4]  The Court requests that the assigned magistrate judge provide the Court with an updated Report and Recommendation consistent with this Order.[5]

---

[4] The Court understands those arguments to include those made in Defendants' original motion to dismiss before Judge Fox at Dkt. No. 69:  (1) that the action is untimely, Dkt. No. 69 at 12–13; (2) that the complaint fails to adequately plead elements of a claim under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, Dkt. No. 69 at 13–21; (3) that individual defendants cannot be sued in their individual capacities, Dkt. No. 69 at 22; (4) that Plaintiff Murphy's derivative claims are not cognizable under § 1983 or § 1985, Dkt. No. 69 at 22; and (5) that Plaintiffs have not sufficiently justified certain damages, Dkt. No. 69 at 23.  The Court leaves resolution of these questions to Judge Willis.  The Court also leaves to Judge Willis the question of whether and how to consider Defendants' argument that, separately from the Bronx County action, the *New York County* action has preclusive effect in this case, *see* Dkt. No. 83 at 7–8; that argument does not appear to have been raised in the original motion to dismiss briefing before Judge Fox but was raised in supplemental briefing before Judge Willis.

[5] In their objections to Judge Willis's R&R, Defendants argued not only that the necessary elements state action under § 1983 and § 1985 had not been adequately pleaded, but also that this failure was jurisdictional—specifically, that this Court lacks subject matter jurisdiction over the matter.  Dkt. No. 95 at 3–5.  That jurisdictional argument is erroneous. "Though some [out-of-circuit] courts have considered a deficient allegation of the color-of-law element of section 1983 as a jurisdictional deficiency, [citations omitted], [the Second Circuit has] ruled that the sufficiency of a color-of-law allegation is to be tested under Rule 12(b)(6)." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997); *see also Nealy v. Berger*, No. 08-cv-1322, 2009 WL 704804, at *3 n.5 (Bianco, J.) ("Although defendants at times suggest that their motion implicates the subject matter jurisdiction of the Court, the Court concludes that the grounds raised in their motions— including lack of state action . . . —are more properly analyzed in this case under the Rule 12(b)(6) standard, rather than as an issue of subject matter jurisdiction under Rule 12(b)(1).").  The only exception to this is rule is where a complaint fails to make "[a] non-frivolous allegation of a cause of action under federal law." *Monsky*, 127 F.3d at 245; *see Jenkins v. Murphy*, 356 F. App'x 500, 500 (2d Cir. 2009) (unpublished) (holding that the court lacked subject matter jurisdiction when the plaintiff "suggest[ed] no basis for federal question jurisdiction" because "the defendant [was] a private party and there [was] *no allegation* that he was acting under the color of state law") (emphasis added).  Here, without otherwise determining the strength of Plaintiffs' pleadings, it is clear to the Court that they have made non-frivolous arguments that Defendants were acting under color of state law.  *See* Dkt. No. 73 at 9–12 (Plaintiffs' opposition to Defendants' original motion to dismiss, wherein they articulate their theory that—because of a conspiracy between state actors (teachers) and non-state actors (union officials and the union itself), all Defendants can be considered state actors for purposes of this motion).  Accordingly, there is no *jurisdictional* defect in Plaintiffs' pleadings requiring dismissal here; whether Plaintiffs have failed to state a claim under Rule 12(b)(6) will be considered by Judge Willis in the first instance. *See supra* n.4.

## IV.    CONCLUSION

For these reasons, and as laid out in additional detail above, the Court adopts in part and rejects in part Judge Willis's Report and Recommendation.

SO ORDERED.

Dated:  February 13, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge