Anthony V. Gentile, Esq.
## THE GENTILE LAW FIRM, P.C.
6648 Ridge Boulevard
Brooklyn, NY 11220
Ph: 718-492-1444

anthonyvgentile_esq@yahoo.com

| | |
|---|---|
| *Serving as "Of Counsel" and Appellate Counsel to several of New York's premier law firms* | *Admitted in New York, New Jersey, Second Circuit Court of Appeals, and Federal District Courts* |

___

March 7, 2025

*Via CEF Only*

Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2025
```

**MEMORANDUM ENDORSED**

    **Re:**    Catania v UFT (and others)
            1:21-CV-01257-GHW-JW
            Plaintiff's <u>letter</u> application/motion, <u>on consent</u>, requesting an adjournment of the March 11, 2025 conference presently scheduled in this case.

Hon. Judge Woods:

Your undersigned represents Plaintiff, Patricia Catania ("Plaintiff"), in the above-referenced matter, a tort claim brought pursuant to, among other things, 42 USC § 1983. We write to this honorable Court to respectfully (and timely) seek relief as set forth in the third paragraph below, i.e., an <u>adjournment</u> of the conference presently scheduled in this case for <u>March 11, 2025</u>.

We are in receipt of the Court's Decision and Order resolving Defendants' motion to dismiss. While it was clearly not the result we had hoped for, and although we respectfully disagree with said result, we certainly appreciate the <u>detailed attention</u> the Court gave to this matter. Regarding the purpose of the conference, Plaintiff most certainly desires to, and intends to, appear before this Court so as to argue for leave to plead a third-amended complaint. However, an <u>adjournment</u> of the aforesaid conference is needed, and Plaintiff hereby respectfully respects same pursuant to section 1-E of this Court's "INDIVIDUAL RULES OF PRACTICE IN CIVIL CASES". In support thereof, Plaintiff submits the following information pursuant to said rules.

Page **1** of **3**

A.    INFORMATION REQUESTED AS PER THE COURT'S RULES

(1)    The original due date

**The original due date (or conference date) is March 11, 2025.**

(2)    The number of previous requests for adjournment or extension of time

**This is the first such request.**

(3)    The reason for the current request

**The reason for the instant request is health reasons involving your undersigned, as further explained in more detail below.**

(4)    Whether the adversary consents and, if not, the reason given by the adversary for refusing to consent

**The adversary consents to the adjournment.**

(5)    Proposed alternative dates

**The proposed alternative dates are as follows (2025, obviously):**

**March 21; and April 7, 11, and 21 (any time for all days).**

B.    ADDITIONAL MATTERS AS PER THE COURT'S RULES

Before proceeding to the specific reasons for the request, we note the following:

(a)    The requested adjournment does not affect any other scheduled dates; thus, a proposed Revised Civil Case Management Plan and Scheduling Order need not be submitted.

(b)    The instant request is being timely made on March 7th, i.e., at least two (2) business days prior to the original due date of March 11th.

C.    FURTHER EXPLANATION OF THE REASONS FOR THE REQUEST

On March 4, 2025, your undersigned suffered a health emergency which required him to proceed first to an urgent care facility and then directly to a hospital. The situation was serious enough that very sophisticated medical imaging testing was ordered. While at the hospital, your undersigned received a rather startling and unexpected diagnosis for a condition which was not the reason why he went to the hospital in the first instance.

As a result of the foregoing, your undersigned has been advised to isolate for about a week and it also best and safer if he is lying down as much as possible as opposed to sitting and standing.

While your undersigned fully understands that the conference on Mach 11th is telephonic the fact is that the office where he is geared up to conduct on-line conferences is located in Queens (as opposed to the above address).  Thus, he would have to travel on the train and then be around people in said alternate office – which is the exact opposite of isolating.  In addition, as noted above, it is truly better for your undersigned if he rests and lies down as much as possible.

Moreover, due to the combination of these events, and the wholly unexpected diagnosis, your undersigned is neither physically nor mentally up to the task of preparing for the conference at this time.  By some measures, i.e., because it is oral argument, it is more difficult to prepare for such a conference than to actually draft motion papers.  If the Court desires same, your undersigned can provide (*ex parte*, we hope) further details about the above, along with full documentation.

D.      CONCLUSION

For the reasons set forth above, we respectfully request that the March 11th conference date be adjourned to one of the above proposed four (4) alternative dates which is amenable to the Court.  In closing, we thank the Court for considering this matter; and we thank the Court in advance should the requested relief be granted.

Sincerely and respectfully submitted,

/s/ Anthony V. Gentile

Anthony V. Gentile

*Attorney for Plaintiff*

cc: all ECF registrants registered on the docket for this case.

Application granted.  Plaintiff's request to adjourn the teleconference scheduled for March 11, 2025 is granted.  The conference scheduled for March 11, 2025 is adjourned to March 21, 2025 at 3:00 p.m.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 130.

SO ORDERED.

Date:  March 7, 2025

GREGORY H. WOODS
United States District Judge